IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| S.W. ENERGY, LLC, ) | |
| ) | CASE NO. BK11-42755-TLS |
| Debtor(s). ) | A12-4026-TLS |
| PHILIP M. KELLY, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| TIMOTHY LIPETZKY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 45) and resistance by the defendant (Fils. No. 53 and 60). Philip M. Kelly represents himself, and James R. Nisley represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The debtor in this case was in the business of ethanol production. The defendant, Timothy Lipetzky, was a member of the debtor company. In 2004, he loaned the debtor $1 million. No part of that loan was repaid. In 2008, he obtained a default judgment against the debtor for $1,211,202.19, which became a lien against the debtor's real estate. The debtor filed a Chapter 7 bankruptcy petition in 2011, and the bankruptcy trustee filed this adversary proceeding to avoid the lien as a fraudulent transfer. The trustee has now moved for summary judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must examine the record to ascertain whether the movant, through depositions, answers to interrogatories, admissions, affidavits, and other evidence, has demonstrated the absence of a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006). If the movant has done so, then the non-moving party, bearing the burden of persuasion, must by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial. *Id.* The court does not weigh the evidence, make

credibility determinations, or attempt to discern the truth of any factual issue. *Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co.*, 536 F.3d 939, 943-44 (8th Cir. 2008). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The following facts are undisputed:

1. The debtor is a limited liability company under Nebraska law.

2. The debtor was in the business of ethanol production.

3. Mr. Lipetzky was a member of the debtor, as well as a member of its board of directors.

4. Mr. Lipetzky filed a complaint against the debtor in the District Court of Red Willow County, Nebraska, on July 3, 2008, at Case No. CI08-107 to collect on a debt.

5. Mr. Lipetzky filed a notice of lis pendens with the Red Willow County District Court on July 18, 2008, against the debtor's real property.

6. At the time the notice of lis pendens was filed, the only lien or encumbrance on the debtor's real estate was Red Willow County's continuing lien for real estate taxes.

7. The Red Willow County District Court entered a default judgment in Mr. Lipetzky's favor on October 20, 2008, for $1 million, plus interest of $211,202.19.

8. The debtor filed a Chapter 7 bankruptcy petition on October 21, 2011.

The Bankruptcy Code provides the trustee with authority to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim[.]" 11 U.S.C. § 544(b)(1). "Applicable law" in this instance is the Nebraska Uniform Fraudulent Transfer Act ("UFTA"). The advantage for the trustee, standing in the shoes of an unsecured claim holder, is a four-year look-back period.

The trustee claims the transfer is fraudulent as to creditors whose claims arose before the transfer was made.

> § 36-706. Transfers fraudulent as to present creditors
> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving

a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

    (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider knew or reasonably should have known that the debtor was insolvent.

Neb. Rev. Stat. § 36-706.

The trustee alleges that Mr. Lipetzky is an insider of the debtor and knew or should have known the debtor was insolvent at the time he obtained the transfer. "Insiders" include members of the debtor. Neb. Rev. Stat. § 36-702(7)(iv)(A). If the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation, or if the debtor is generally not paying its debts as they become due, the debtor is insolvent. Neb. Rev. Stat. § 36-703.[1] Insolvency is generally a question of fact. *J.L. Brock Builders, Inc. v. Dahlbeck*, 391 N.W.2d 110, 116 (Neb. 1986).

In an action seeking to set aside a fraudulent transfer, the burden of proof is on a creditor (trustee in a bankruptcy case) to prove, by clear and convincing evidence, that fraud existed in a questioned transaction. *Comcast of Illinois X v. Multi-Vision Elec., Inc.*, 504 F. Supp. 2d 740, 748 (D. Neb. 2007); *Eli's, Inc. v. Lemen*, 591 N.W.2d 543, 555 (Neb. 1999) (citing *Dillon Tire, Inc. v. Fifer*, 589 N.W.2d 137 (Neb. 1999)). Clear and convincing evidence is "that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved." *Id.* at 555-56 (quoting *Dillon Tire*, 589 N.W.2d at 142).

Here, the evidence establishes that the transfer was made for an antecedent debt, and that Mr. Lipetzky is an insider. Mr. Lipetzky challenges two other elements of § 36-706(b), however. First, he argues that there are no creditors whose claims arose before the transfer, and second, he argues

---

[1] The statute provides in part:

36-703. Insolvency

    (a) A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation.

    (b) A debtor who is generally not paying his or her debts as they become due is presumed to be insolvent.

    . . .

    (d) Assets under this section do not include property that has been transferred, concealed, or removed with intent to hinder, delay, or defraud creditors or that has been transferred in a manner making the transfer voidable under the Uniform Fraudulent Transfer Act.

    (e) Debts under this section do not include an obligation to the extent it is secured by a valid lien on property of the debtor not included as an asset.

that the trustee has failed to prove that the debtor was insolvent at the time the transfer was made or that he knew or should have known of the alleged insolvency.

The trustee identified two creditors with pre-existing unsecured claims. Both are equity holders of the debtor, but both also made loans to the company in August 2007 and February 2008 memorialized by convertible promissory notes. They each have filed claims in the bankruptcy case.

A "creditor" for purposes of UFTA is a person who has a claim, and a "claim" is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Neb. Rev. Stat. § 36-702(3) and (4). This is a broad definition of a creditor, but it generally does not include equity security holders. *Crocker v. Namer (In re AVN Corp.)*, 235 B.R. 417 (Bankr. W.D. Tenn. 1999). When the debtor owes the shareholder money, the shareholder is a creditor. *Ray v. City Bank & Trust Co. (In re C-L Cartage Co., Inc.)*, 899 F.2d 1490 (6th Cir. 1990) (holding that debtor's repayment of loans taken out by debtor's president for debtor's use made the president a creditor); *Carlson v. Carlson*, 802 N.W.2d 436 (N.D. 2011) (holding that a creditor must have a presently enforceable debt against a transferee). Under this expansive standard, there are unsecured creditors whose claims will support the trustee's allegation of a fraudulent transfer.

However, there is a factual issue as to the issue of insolvency. Although the trustee provided affidavits from other members of the debtor stating the debtor was not paying its bills as they became due, Mr. Lipetzky filed as evidence certain financial statements of the debtor as of October 14, 2008, which was less than a week before the default judgment was entered against the debtor. While the year-to-date profit and loss statement shows negative net income of more than $200,000, the balance sheet indicates the company's total assets exceeded total liabilities by more than $800,000. "In determining whether the debtor was insolvent, the court should examine the debtor's balance sheet to determine whether the value of its assets were greater than its liabilities at the time of the transfer in question." *Killips v. Schropp (In re Prime Realty, Inc.)*, 380 B.R. 529, 534 (B.A.P. 8th Cir. 2007) (holding that the trustee in a preference action is required to prove insolvency under the Bankruptcy Code, which uses the same definition as Neb. Rev. Stat. § 36-703(a)). The balance sheet raises an issue of fact as to the debtor's insolvency.

Because it has not been established by clear and convincing evidence that the debtor was insolvent at the time of the transfer, the trustee's motion for summary judgment must be denied.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 45) is denied.

DATED:      February 25, 2013

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    James R. Nisley
    *Philip M. Kelly
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.